UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x

| | |
|---|---|
| JAMES SAMUELSON, | CIV. NO. 09 CIV 4001 |
| Plaintiff, | |
| | VERIFIED COMPLAINT |
| -against- | |
| BRILLIANT TECHNOLOGIES CORPORATION, and ALLAN KLEPFISZ, | |
| | JURY TRIAL DEMANDED |
| Defendants. | |

--------------------------------------------------------------------x

Plaintiff, James Samuelson ("Plaintiff"), by his attorneys, Novack Burnbaum Crystal LLP, for his complaint against defendants Brilliant Technologies, Inc. ("Brilliant") and Allan Klepfisz ("Klepfisz") (Brilliant and Klepfisz are collectively referred to herein as "Defendants") alleges, upon information and belief, as follows:

## PARTIES

1.     Plaintiff is a resident of the State of California, with a residence address at 139 North Bayfront, Newport Beach, CA 92662.

2.     Brilliant is a Delaware corporation with its principal place of business at 211 Madison Avenue, New York, New York 10016.  Brilliant is public company trading on the Pink Sheets exchange under the symbol "BLLN."

3.     Klepfisz is a citizen of Australia who is a resident of the State of New York, County of New York, with a residence address at 211 Madison Avenue, New York, New York 10016, Apt. No. 28B, and is the President of Brilliant.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(a), and Section 27 of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78aa. The claims arise under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. 240.10b-5. The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

5. Venue within the Southern District of New York is proper pursuant to 28 U.S.C. § 1391(a) inasmuch as all of the defendants reside in this district.

## ALLEGATIONS COMMON TO ALL CLAIMS

6. In or about February 2000, Plaintiff was named as a Vice President of Advanced Technologies Industries ("ATI"). He was promoted to Chief Financial Officer ("CFO") of ATI in or about April 2000.

7. In or about 2004, LTDnetwork, Inc., a company founded by Klepfisz, was merged into ATI and became a wholly owned subsidiary of ATI ("Merger"). Klepfisz subsequently was named the Chief Executive Officer and President of ATI and a member of the Board of Directors.

8. Plaintiff remained the CFO, Vice President, Secretary, Treasurer and a Director of ATI following the Merger.

9. In or about May 2006, ATI changed its name to Brilliant.

10. On or about January 26, 2006, Plaintiff resigned his position as an officer and Board member of Brilliant. At the time of his resignation, Brilliant owed Plaintiff accrued and unpaid amounts and stock in respect of salary, bonus, expenses and interest ("Unpaid

Amounts"). The Unpaid Amounts were as follows: $550,000 in cash and 667,334 shares of Brilliant common stock registered under Form S-8.

11. Klepfisz and Brilliant acknowledged that the Unpaid Amounts were owed to Plaintiff both in writing and verbally on many occasions.

12. In or about December 2006, Plaintiff and Brilliant entered into a Release and Stock Purchase Agreement (the "Agreement"), dated as of December 5, 2006, pursuant to which Brilliant agreed that, in consideration for Plaintiff releasing Brilliant from liability for the Unpaid Amounts, Plaintiff would receive from Brilliant:

> (i) $87,500 cash (the "Cash"), payable no later than January 31, 2007; (ii) a 9% Convertible Debenture (the "Debenture") in the amount of $300,000; (iii) 8,750,000 shares (the "Shares") of common stock, par value $0.0001, of Brilliant to be registered on Form S-8; (iv) a Warrant ("Warrant") to purchase 4,285,715 shares of common stock, par value of $0.0001, of Brilliant at a price of $.07 per share; (v) 667,334 shares of Brilliant common stock registered on Form S-8 in compliance with a bonus earned but not paid during 2005 ("Bonus Shares"); and (vi) repricing of the exercise price on options granted during 2004, to purchase 937,777 shares of Brilliant common stock as registered on Form S-8 during 2004, to $0.07 per share from $0.22 per share ("Repriced Options").

13. The Agreement further provides that:

> [O]n or before December 29, 2006, [Brilliant] shall file Form S-8 (as defined below) with the Securities and Exchange Commission ("SEC") in accordance with Section 1.02, and issue and deliver to [Plaintiff] the Shares and Bonus Shares, and [Plaintiff] agrees that upon the issuance and delivery of the Shares, Bonus Shares, Cash, Debenture, Warrant and Repriced Options he shall release Brilliant from its obligation to pay in cash the Unpaid Amount.
>
> . . . .
>
> [O]n or before December 29, 2006, assuming necessary shares are available [unintelligible] under the Company's authorized capital, [Brilliant] shall prepare and file with the SEC a registration statement on Form S-8 (the "Form S-8") registering the Shares and Bonus Shares. Brilliant shall, within thirty (30) days after the date hereof, prepare and file with the SEC a registration statement on Form S-2 registering the shares underlying the conversion of the Debenture and Warrant as described in the Registration Rights Agreement attached as Exhibit A.

>The Shares and Bonus Shares may be sold by Samuelson on any trading day but in an amount which shall not exceed 10% of that day's trading volume.

14. Klepfisz executed the Agreement as President, CEO, and Director of Brilliant.

15. To induce Plaintiff to sign the Agreement and forego rights he would otherwise have had, Klepfisz represented to Plaintiff that he would cause Brilliant immediately to perform its obligations under the Agreement and, in particular, he represented that the Form S-8 required by the Agreement would be filed no later than on or about January 15, 2007.

16. After the Agreement was executed, to induce Plaintiff to refrain from filing this lawsuit, Klepfisz promised that all of Brilliant's obligations to Plaintiff under the Agreement would be promptly performed and requested that Plaintiff refrain from bringing this action. In fact, in August 2007, Klepfisz caused LTDnetwork, Inc (a wholly-owned subsidiary of Brilliant) to deliver to Plaintiff a check in the amount of $87,500 and promised that the check was "good." On Klepfisz's instructions Plaintiff deposited the check in his bank count. It was twice rejected for "insufficient funds." In reliance on Klepfisz's promises Plaintiff delayed the filing of this action.

17. Brilliant failed fully to perform its obligations under the Agreement despite numerous demands from Plaintiff that Brilliant do so. Among other things:

(a) Brilliant has failed to disclose in its security filings with the United States Securities and Exchange Commission ("SEC") the terms of the Agreement and its obligations thereunder;

(b) On January 11, 2008, Plaintiff delivered to Brilliant, a Notice of Conversion for $300,000 of principal and $29,625 of interest for a total of $329,625 at a price of $0.018675 per share. Although it was required to do so under the Agreement and the Debenture, Brilliant has

4

not delivered or registered the shares due under the Notice of Conversion;

  (c) Although required to do so under the Agreement, Brilliant has failed to register the 4,285,715 shares of common stock, par value of $0.0001, to be purchased by Plaintiff under the Warrant; and

  (d) Brilliant has failed to remain a reporting company.  As a result, even if the shares described above were now issued to Plaintiff, he would be unable to sell them due to Brilliant's failure to remain current in its reporting with the SEC.

## FIRST CAUSE OF ACTION

### (Securities Fraud)

18. Paragraphs 1 through 18 are realleged.  This claim is brought pursuant to Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. 240.10b-5.

19. The Agreement and Brilliant's obligations thereunder constituted a "sale or purchase" of securities within the meaning of the Section 10(b) of the Exchange Act, 15 U.S.C.§ 78j(b), and Rule 10b-5 promulgated thereunder.

20 Defendants' representations set forth in paragraphs 15 and 16, supra, (the "Representations") constitute devices, schemes and artifices to defraud, untrue statements of material fact and omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and acts, practices and a course of conduct that operated as a fraud and deceit upon Plaintiff.

21. Defendants engaged in the conduct set forth above with scienter.

22. By engaging in the conduct set forth above, with scienter, Defendants, and each of

them, directly and indirectly, by use of the means and instrumentalities of interstate commerce, the United States mails and a national security exchange, employed devices, schemes and artifices to defraud, made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and engaged in acts, practices and a course of conduct that operated as a fraud and deceit upon Plaintiff.

23. Plaintiff relied upon the Representations.

24. Plaintiff suffered a significant economic loss as a result of Defendants' actions in that it was wrongfully deprived of the Shares, Warrants, and Debentures and his other rights under the Agreement and the entire value thereof.

25. By reason of the foregoing, Defendants have violated Section 10(b) of the Exchange Act, 15 U.S.C.§ 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. 240.10b-5 and are liable to Plaintiff for all amounts lost and which will be lost by Plaintiff which are not presently ascertainable but which will be proven at trial, as well as for civil penalties and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Specific Performance)

26. Paragraphs 1 through 17 are realleged.

27. Plaintiff has performed and is not in default with respect to any of his obligations with respect to the Agreement.

28. Brilliant is in breach of its obligations under the Agreement.

29. By reason of the foregoing, Plaintiff is entitled to a judgment determining his rights under the Agreement and requiring Brilliant to immediately perform its obligations under

the Agreement.

### THIRD CAUSE OF ACTION

### (Breach of Contract)

30. Paragraphs 1 through 17 are realleged.

31. By reason of the above, Brilliant breached the Agreement and denied Plaintiff his rights thereunder, including but not limited to the right to receive (i) the Cash, (ii) the Debenture, (iii) the Shares, (iv) the Warrant, (v) the Bonus Shares, and (vi) the Repriced Option, and the benefits that would have accrued to Plaintiff had Brilliant not breached the Agreement, including but not limited to his right to sell the Shares for a substantial profit (the stock price having dropped by approximately 75% from the date the Agreement) and the right to receive the stock dividend of LTD shares described in the Press Release.

32. By reason of the foregoing, Plaintiff has been damaged in an amount which is not presently ascertainable but which will be proven at trial to exceed the sum of $1 million, plus interest.

### FOURTH CAUSE OF ACTION

### (Common Law Fraud)

33. Paragraphs 1 through 17 are realleged.

34. The Representations were false, were known to be false, or were made recklessly, and were made to induce Plaintiff to enter into the Agreement.

35. Plaintiff reasonably relied upon the Representations and such reliance was known to Defendants.

36. By reason of the above, Plaintiff has been damaged and will continue to be damaged and is entitled to judgment against the Defendants in an amount to be ascertained at

trial, but which exceeds approximately $1 million as and for compensatory damages and $10,000,000 as and for punitive damages.

## **FIFTH CAUSE OF ACTION**

### **(General Business Law § 349)**

37. Paragraphs 1 through 17 are realleged.

38. Section 349 of the General Business Law prohibits deceptive practices in the conduct of any business, trade, or commerce.

39. Defendants' actions were in violation of Section 349 and were materially misleading.

40. Plaintiff has been injured as a result of Defendants' actions in violation of Section 349.

41. By reason of the above, Plaintiff has been damaged and is entitled to judgment against the Defendants in an amount to be ascertained at trial, but which exceeds approximately $1 million as and for compensatory damages, and is, pursuant to GBL § 349(h) entitled to recover its reasonable attorneys' fees.

## **SIXTH CAUSE OF ACTION**

### **(Breach of Contract)**

42. Paragraphs 1 through 17 are realleged.

43. Prior to the execution of the Agreement, Brilliant and Klepfisz acknowledged and admitted that Brilliant owed Plaintiff the amount of $550,000 plus 667,000 shares of Brilliant common stock registered under Form S-8. For example,

(a) a footnote to Item 9 of the Form 10-K filed by Brilliant for the year ended December 31, 2005 states:

(2) During 2005, Mr. Samuelson received 2,333,000 shares of our common stock registered on Form S-8. He is owed an additional 667,000 shares of our common stock for performance goals met in 2005.

(b) In an email dated March 28, 2006, Klepfisz acknowledged that Plaintiff was owed (i) 667,000 shares of S-8 stock, (ii) $75,000 in cash, and (iii) a convertible note "convertible anytime from 30 days from now until its expiry in 18 months – at simply 25% below market price (based on some averaging formula) for $475,000."

(c) In an email dated May 6, 2006, Klepfisz agreed to pay Plaintiff the following: (i) a note for $300,000; (ii) a convertible note in the amount of $175,000, convertible at $0.015 per share; (iii) $75,000 in cash, payable in three installments in June, July, and August 2006; and (iv) 667,000 shares of S-8 stock.

44. Accordingly, and without in any way admitting that the Agreement is unenforceable, if the Agreement were deemed by a court to be unenforceable, Plaintiff is entitled to receive from Brilliant what Brilliant and Klepfisz had previously agreed to pay him.

45. As a direct result of the breach by Brilliant of its obligations to Plaintiff, Plaintiff has been denied, among other things, his right to sell the shares of Brilliant stock he should have received for a substantial profit (the stock price having dropped significantly).

46. Accordingly, and without in any way admitting that the Agreement is unenforceable, if the Agreement were deemed by a court to be unenforceable, Plaintiff is entitled to receive from Brilliant damages in an amount equal to $550,000 plus the value of all the shares of Brilliant stock that Plaintiff should have received based on the value of such shares on the date that he could have sold such shares, plus interest.

WHEREFORE, Plaintiff demands judgment as follows:

A. Under the First Cause of Action, awarding to Plaintiff all amounts he has lost and

will lose as a result of Defendants' actions, which amount is not presently ascertainable but which will be proven at trial, as well as civil penalties and attorneys' fees, and interest.

  B. Under the Second Cause of Action, ordering Brilliant immediately to perform all of its obligations under the Agreement.

  C. Under the Third Cause of Action, awarding to Plaintiff damages in an amount which is not presently ascertainable but that which will be proven at trial to exceed the sum of approximately $1 million, plus interest.

  D. Under the Fourth Cause of Action, an amount to be ascertained at trial, but which exceeds approximately $1 million as and for compensatory damages and $10,000,000 as and for punitive damages, plus interest.

  E. Under the Fifth Cause of Action, awarding Plaintiff damages in an amount to be ascertained at trial, but which exceeds approximately $1 million as and for compensatory damages as well as its reasonable attorneys' fees.

  F. Under the Sixth Cause of Action, an amount equal to $550,000 plus the value of all the shares of Brilliant stock that Plaintiff should have received on the date that he could have sold such shares, plus interest.

  G. Awarding Plaintiff his reasonable attorneys' fees pursuant to GBL § 349(h).

  H. Awarding Plaintiff the costs and disbursements of this action, and

  I.  Awarding Plaintiff such other and further relief as the Court finds just and proper.

Dated:  New York, New York
   June 12, 2009

           NOVACK BURNBAUM CRYSTAL LLP


           By:  __s/_____
             Howard C. Crystal (HCC1666)
           300 East 42nd Street
           New York, New York 10017

           Attorneys for Plaintiff

## VERIFICATION

STATE OF _____   )
                                          ) ss.:
COUNTY OF _____   )

       JAMES SAMUELSON, being duly sworn, deposes and says:

       I am the plaintiff, herein. I know the contents of the within Verified Complaint and it is true to my own knowledge except as to matters alleged on information and belief, and as to those matters I believe them to be true.

                                                                                  _____
                                                                                  JAMES SAMUELSON

Sworn to before me this
    day of April, 2009

_____
Notary Public